**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

          **v.**                                **1:04-CV-0605**
                                                **(GLS)**

**GERALD KAHN,**

                    **Defendant.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE UNITED STATES:**

HON. GLEN T. SUDDABY            JAMES C. WOODS
Office of United States Attorney    Assistant U.S. Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207

**FOR THE DEFENDANT:**

Office of Donald T. Kinsella        DONALD T. KINSELLA, ESQ.
90 State Street, Suite 1440
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Currently pending are what may be construed as motions by Gerald

Kahn seeking to modify a criminal sentence previously imposed by the court.  *See Dkt. Nos. 22, 23.*  For the reasons that follow, the motions are **DENIED**.

## II.  Procedural History

On June 7, 2005, Kahn plead guilty to conspiring to use fire to commit a felony in violation of 18 U.S.C. § 371.  *See Dkt. No. 14.*  Thereafter, he was sentenced to twenty-four months imprisonment and three years of supervised release.  *See Dkt. No. 21.*  He did not directly appeal the conviction or sentence.  On April 14[1] and June 5,[2] 2006, he filed motion-letters requesting modification of his sentence.  *See Dkt. Nos. 22*, *23.*

## III.  Discussion

There are three broad categories that authorize a court to modify a sentence.  The first is Rule 35(a) of the Federal Rules of Criminal Procedure which provides:

> **"Correcting Clear Error.**  Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

FED. R. CRIM. P. 35(a).  Inasmuch as Kahn does not cite any arithmetical,

---

[1]Kahn's first letter was dated March 31, 2006.

[2]Kahn's second letter was dated May 27, 2006.

technical, or clerical error in his sentencing, the court has no authority to grant his motion under this Rule.  Furthermore, because more than seven (7) days have elapsed between the time of the sentencing and Kahn's motions, the court lacks jurisdiction under Rule 35 to entertain Kahn's requests.  *See United States  v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995).

The second and third broad categories find support in the *habeas corpus* arena.  28 U.S.C. § 2255 provides in pertinent part:

> "[a] prisoner in custody under sentence of a [federal] court ...claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255.  Kahn's motions fail to challenge the legality of his sentence on any basis identified in 28 U.S.C. § 2255, and the court has no authority to modify his sentence pursuant to this Section.[3]

Finally, inasmuch as Kahn's motions request that the court adjust his sentence, but does not challenge the execution of that sentence, the court has no authority to grant the relief pursuant to 28 U.S.C. § 2241.  Under §

---

[3]In Kahn's first letter, he concedes, "I've read and reread the entire case and the guidelines and I know my sentence could have been rougher [sic]."  *Dkt. No. 22.* In Kahn's second letter, he states, "I know my sentence was light compared to what I could have been [sic] and I certainly appreciate it."  *Dkt. No. 23.*

2241, a prisoner may challenge the "execution of [his] sentence."

*Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).[4]

Kahn fails to assert any cognizable basis to support a legal challenge to

his sentence and, reading his motion as liberally as possible, the court

cannot construe it as asserting a proper legal ground for the relief he

seeks.  Accordingly, Kahn's motions seeking modification of his sentence

are **DENIED**.

      **WHEREFORE**, for the foregoing reasons, it is hereby

      **ORDERED** that Kahn's motions to modify his sentence are **DENIED**,

and it is further

      **ORDERED** that the Clerk provide a copy of this Decision and Order

to the parties.

**IT IS SO ORDERED.**

June 15, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

    [4]Examples of a proper § 2241 petition include: a challenge to the calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, *see Chambers*, 106 F.3d at 474-75, or conditions of confinement, *see*, e.g., *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).